UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE ANTONIO WALTERS,<br><br>Defendant. | No. 2:12-cr-00375-TLN-AC<br><br><br>**ORDER** |

This matter is before the Court on Defendant Andre Antonio Walter's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 355.)  The Government filed an opposition.  (ECF No. 361.)  Defendant did not file a timely reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On August 15, 2016, a jury found Defendant guilty of four counts of mail fraud in violation of 18 U.S.C. § 1341.  (ECF Nos. 257, 264.)  On June 15, 2017, the Court sentenced Defendant to a 73-month term of imprisonment to be followed by a 36-month term of supervised release.  (ECF Nos. 301, 304.)  Defendant is currently housed at Big Spring Correctional Institution ("Big Spring").  (ECF No. 361 at 1.)  He has served approximately 48 months of his 73-month sentence, and his projected release date with application of good conduct time is September 14, 2022.  (ECF No. 361-1 at 4.)

On July 6, 2021, Defendant filed the instant motion for compassionate release.  (ECF No. 355.)  In his motion, Defendant requests the Court reduce his term of imprisonment to time served due to his vulnerability to COVID-19.[1]  (*Id.*)  The Government filed an opposition on July 28, 2021.  (ECF No. 361.)  Defendant did not file a timely reply.  *See* E.D. Cal. L.R. 430.1(e) ("The moving party may file and serve a reply brief within three (3) days following service of the opposition.").

**II.     ANALYSIS**

    A.     <u>Exhaustion</u>

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

---

[1] To the extent Defendant also challenges the conditions of his confinement, venue for an Eighth Amendment claim is improper in the Eastern District of California.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Because Defendant is confined in Big Spring, his complaints about the conditions of his confinement must be brought in the Northern District of Texas.  Moreover, Defendant fails to explain how an alleged Eighth Amendment violation would warrant his immediate release.

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on March 24, 2021. (ECF No. 355 at 3; ECF No. 361 at 5.) Because more than 30 days have elapsed since Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.     Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n.1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant argues his uncontrolled blood pressure makes him particularly vulnerable to COVID-19. (ECF No. 355 at 8.) Defendant's medical records — filed under seal by the Government — indicates he suffers from mild hypertension. The Centers for Disease Control and Prevention identifies heart conditions (such as hypertension) as a possible risk factor for COVID-19 complications. *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19),

3

*People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 6, 2021).

Despite Defendant's medical condition, it bears mentioning there are currently zero active inmate cases of COVID-19 at Defendant's facility. Federal Bureau of Prisons, *COVID-19 Coronavirus*, available at https://www.bop.gov/coronavirus/ (last visited August 6, 2021). As such, Defendant's arguments about COVID-19 are arguably too speculative at this time. Further, it appears Defendant is capable of managing his medical conditions and the BOP has provided Defendant with adequate care thus far. The Government also emphasizes Defendant recently refused the COVID-19 vaccine. (ECF No. 361 at 5.) The Court agrees with the Government that Defendant's refusal of a vaccine undermines his argument that he does not have access to adequate medical care.

Accordingly, the Court finds Defendant has not demonstrated extraordinary and compelling reasons for his release.

### C.    Section 3553(a) Factors

Even if the Court found extraordinary and compelling reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). In requesting a time served sentence, Defendant is seeking a reduction from a well-supported, 73-month sentence to a considerably lower 48-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears the BOP has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 73-month sentence.

///

///

///

///

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 355.)

IT IS SO ORDERED.

DATED: August 11, 2021

Troy L. Nunley
United States District Judge