UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE ANTONIO WALTERS,<br><br>Defendant. | No. 2:12-cr-00375-TLN-AC<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Andre Antonio Walters's ("Defendant") Supplemental Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 370.) The Government filed a response. (ECF No. 371.) For the reasons set forth below, the Court DENIES Defendant's motion.

On August 15, 2016, a jury found Defendant guilty of four counts of mail fraud in violation of 18 U.S.C. § 1341. (ECF Nos. 257, 264.) On June 15, 2017, the Court sentenced Defendant to a 73-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF Nos. 301, 304.) Defendant has served approximately 51 months of his 73-month sentence, and his projected release date with application of good conduct time is September 14, 2022. (ECF No. 361-1 at 4.)

On July 6, 2021, Defendant filed a motion for compassionate release. (ECF No. 355.) In his motion, Defendant requested the Court reduce his term of imprisonment to time served due to

his vulnerability to COVID-19.  (*Id.*)  The Government filed an opposition on July 28, 2021. (ECF No. 361.)  Defendant did not file a timely reply.  *See* E.D. Cal. L.R. 430.1(e) ("The moving party may file and serve a reply brief within three (3) days following service of the opposition.").  The Court denied Defendant's motion by written order on August 12, 2021.  (ECF No. 366.)

Despite being represented by counsel, Defendant then filed the instant *pro se* supplemental motion for compassionate release on August 31, 2021, which set forth "additional grounds upon which relief should be granted." (ECF No. 370.)  In his supplemental motion, Defendant raises various arguments that he also raises in his pending 28 U.S.C. § 2255 motion. (*See* ECF No. 369.)  For example, Defendant argues he elected to proceed to trial because his former counsel told him an acquittal would be the only possible way of avoiding deportation to Jamaica.  (ECF No. 370 at 2.)  Defendant argues he "recently learned that the advice and information he received from former counsel was grossly incorrect" and states he would have pleaded guilty rather than proceed to trial if not for this ineffective assistance of counsel.  (*Id.* at 2–3.)  Defendant contends these circumstances present an "extraordinary and compelling reason" to reduce his sentence to time served.  (*Id.* at 6.)

In response, the Government argues Defendant's supplemental motion is an improper reply brief which raises new arguments beyond the scope of the original motion and the Government's opposition.  (ECF No. 371 at 1.)  As such, the Government declines to respond to Defendant's substantive arguments.  (*Id.*)

Even if the Court construes this as a proper motion for compassionate release rather than an improper reply, Defendant is not entitled to relief.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, Defendant has not shown that he has exhausted these new arguments with the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). Further, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant fails to persuade the Court that his alleged ineffective assistance of counsel constitutes "extraordinary and compelling reasons" for release. Rather, these arguments are more appropriately raised in Defendant's pending § 2255 motion. Lastly, even if the Court found extraordinary and compelling reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). In requesting a time served sentence, Defendant is seeking a reduction from a well-supported, 73-month sentence to a considerably lower 51-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.

For the foregoing reasons, the Court hereby DENIES Defendant's Supplemental Motion for Compassionate Release. (ECF No. 370.)

IT IS SO ORDERED.

Dated: October 5, 2021

Troy L. Nunley
United States District Judge