UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-00375-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| ANDRE ANTONIO WALTERS, | |
| Defendant. | |

This matter is before the Court on Defendant Andre Antonio Walters's ("Defendant") Motion for Reconsideration of the Court's Denial of Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 374.)  The Government filed an opposition.  (ECF No. 378.) Defendant did not reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On August 15, 2016, a jury found Defendant guilty of four counts of mail fraud in violation of 18 U.S.C. § 1341.  (ECF Nos. 257, 264.)  On June 15, 2017, the Court sentenced Defendant to a 73-month term of imprisonment to be followed by a 36-month term of supervised release.  (ECF Nos. 301, 304.)  On July 6, 2021, Defendant filed a motion for compassionate release.  (ECF No. 355.)  In his motion, Defendant requested the Court reduce his term of imprisonment to time served due to his vulnerability to COVID-19.  (*Id.*)  On August 12, 2021, the Court denied Defendant's motion, finding he failed to show extraordinary and compelling

reasons for release. (ECF No. 366 at 4.) The Court also stated that the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors did not support a time-served sentence. (*Id.* at 5.) Defendant filed the instant *pro se* motion for reconsideration on January 24, 2022. (ECF No. 374.) Defendant is currently serving his 73-month sentence at Texarkana FCI, and his projected release date is September 14, 2022, with application of good conduct time. (ECF No. 378 at 2.)

## II.   STANDARD OF LAW

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)). Pursuant to Local Rule 430.1(i), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

## III.   ANALYSIS

Defendant has not shown any "new or different facts or circumstances" exist that would warrant reconsideration. E.D. Cal. L.R. 430.1(i). To the contrary, new developments weigh against granting Defendant's motion. For example, Defendant is now housed at Texarkana FCI.[1] (ECF No. 374.) The Bureau of Prisons currently reports zero active cases of COVID-19 at the facility. *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/index.jsp (last visited April 4, 2022). In addition, as the Government points out, Defendant's medical records indicate he is now fully vaccinated for COVID-19. (ECF No. 378 at 7.) As such, Defendant again fails to meet

---

[1]   To the extent Defendant intends this motion to be construed as an entirely new motion for compassionate release, Defendant fails to provide evidence that he exhausted administrative remedies with the warden at Texarkana FCI. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked.").

his burden to show extraordinary and compelling reasons for his release. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021).

Even assuming Defendant had shown extraordinary and compelling reasons for his release, the Court also denied Defendant's motion based on the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release). Defendant has not raised any "new or different facts or circumstances" that would warrant a different outcome. E.D. Cal. L.R. 430.1(i). In its previous order, the Court noted that the § 3553(a) factors do not justify a sentence reduction in this case. (ECF No. 366 at 5.) Defendant's 73-month sentence is well-supported by the § 3553 factors and falls within the applicable guidelines range. In particular, Defendant's criminal history and characteristics, the nature and circumstances of the offense, the need for adequate deterrence, and the need to protect the public all substantially outweigh Defendant's medical concerns. Therefore, the Court finds a reduced sentence is not warranted at this time.

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration. (ECF No. 374.)

IT IS SO ORDERED.

**DATED:** April 6, 2022

Troy L. Nunley
United States District Judge